**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
6464 W. Sunset Blvd., Ste. 960
Los Angeles, CA 90028
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com

Attorneys for Plaintiff
KEVIN LEMIEUX

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LEMIEUX, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> SMART ENERGY SOLAR, INC. dba SMART ENERGY USA, <br><br> Defendant. | Case No. **'17 CV0694 DMS BLM** <br><br> **CLASS ACTION COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

## NATURE OF THE CASE

1.      Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of SMART ENERGY SOLAR INC. dba

SMART ENERGY USA ("Defendant") in negligently, knowingly, and/or willfully contacting Plaintiff and on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2.     Jurisdiction is proper as Plaintiff seeks redress under a federal statute, thus this Court has jurisdiction as this matter involves questions of federal law.

3.     Venue is proper in the United States District Court for the Southern District of California pursuant to *18 U.S.C.  1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the state of California and the Southern District of California, in Escondido, California.

## PARTIES

4.     Plaintiff, KEVIN LEMIEUX ("Plaintiff"), is a natural person residing in San Diego County, California and is a "person" as defined by *47 U.S.C. § 153 (10)*.

5.     Defendant is a California corporation engaged in the business of solar energy contracting and installation with multiple offices throughout the State of California and is a "person" as defined by *47 U.S.C. § 153 (39)*.

## FACTUAL ALLEGATIONS

6.     At all times relevant, Plaintiff was a citizen of the State of California. Plaintiff is, and at all times mentioned herein was, "persons" as defined by 47 U.S.C § 153 (39).

7.     Defendant is, and at all times mentioned herein was, a "person" as defined by *47 U.S.C. §153 (39)*.

8.     Sometime prior to November 2, 2012 Plaintiff was assigned, and became the owner of, a cellular telephone number from his wireless provider.

9.     On or about November 2, 2016, Plaintiff received a telephone call on his cellular telephone from Defendant, in which Defendant utilized an automatic

telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1), using an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

10.     This November 2 call to Plaintiff's cellular telephone number ending in 6796, was placed by Defendant from phone number (619) 324-4749, at 4:05 p.m.

11.     During this call from Defendant to Plaintiff's cellular telephone, an artificial or prerecorded voice said, "This is an urgent public announcement" and at the end of the recording, it directed Plaintiff to "'press 1' to 'stop the electricity bill increase.'"

12.     After pressing 1, a live woman came on the phone and identified herself to Plaintiff as a representative from the "Clean Air Project." ["CAP Representative # 1]. Plaintiff asked CAP Representative # 1 what the nature of the "Clean Air Project" was and CAP Representative # 1 stated to Plaintiff that the "Clean Air Project" was a community organization. Plaintiff asked the CAP Representative #1 she was a telemarketer, and she responded "No."

13.     CAP Representative # 1 proceeded to ask Plaintiff a series of questions, including, but not limited to: whether he was a homeowner; and, how much he paid for his electrical bill, etc. Once Plaintiff fully responded to each of these questions, CAP Representative # 1 stated to Plaintiff that "he qualifies and would definitely benefit from our program." Shortly thereafter, CAP Representative # 1 terminated the call with Plaintiff.

14.     On November 3, 2016, Plaintiff called the contact number for "Clean Air Project" and spoke with another CAP Representative. [CAP Representative # 2]. CAP Representative # 2 posed the same questions to Plaintiff that were posed to him the day before by CAP Representative # 1, and was again told by CAP Representative #2 that he was "qualified." Thereafter, CAP Representative # 2 made an appointment with Plaintiff for Smart Energy USA to come to his home address.

15.     After further consideration, later the same day, on November 3, 2016,

1   Plaintiff called the "Clean Air Project" phone number back to cancel the
2   appointment with Smart Energy USA and to request that his number be removed
3   from their dialing list.

4        16.    On November 14, 2016, at 4:17 p.m., Plaintiff again received the
5   same pre-recorded call from Defendant that he received on November 2, 2016 (as
6   referenced in ¶¶ 9 & 10 *supra*), this time from telephone number (949) 332-1093.
7   Plaintiff pressed '1' and was connected to "Melissa."  Thereafter, Plaintiff
8   eventually terminated this call with Melissa.

9        17.    Defendant used an "automatic telephone dialing system," ("ATDS")
10   as defined by *47 U.S.C. § 227(a)(1)* to place its calls to Plaintiff.

11        18.    Defendant used an artificial or prerecorded voice to place its calls to
12   Plaintiff.

13        19.    The voicemail messages Plaintiff received were created using a pre-
14   recorded and/or artificial voice.  As it is highly unlikely that Defendant's
15   representative manually dialed Plaintiff's telephone number and subsequently
16   placed a prerecorded message when Plaintiff did not answer, Defendant's use of
17   an artificial or prerecorded message indicates that Defendant's call was placed
18   with an automatic telephone dialing system.

19        20.    The ATDS used by Defendant has the capacity to store or produce
20   telephone numbers to be called, using a random or sequential number generator.

21        21.    The ATDS used by Defendant also has the capacity to, and does, call
22   telephone numbers from a list of databases of telephone numbers automatically
23   and without human intervention.

24        22.    The telephone number Defendant called was assigned to a cellular
25   telephone service for which Plaintiff incurred a charge for incoming calls pursuant
26   to 47 U.S.C. § 227 (b)(1).

27        23.    Plaintiff at no time provided "prior express consent" for Defendant to
28   place telephone calls to Plaintiff's cellular telephone with an artificial or

prerecorded voice utilizing an ATDS as proscribed under 47 U.S.C. § 227(b)(1)(A).

24.  Plaintiff had not provided his cellular telephone number to Defendant. Plaintiff was not a customer of Defendant.

25.  Plaintiff had no "established business relationship" with Defendant, as defined by 47 U.S.C. § 227 (a)(2). 24. These telephone calls made by Defendant or its agents were in violation of 47 U.S.C. § 227(b)(1). Accordingly, Defendant did not have Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A).*

26.  As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

a. Invading Plaintiff's and the putative class' privacy;

b. Electronically intruding upon Plaintiff's and the putative class' seclusion;

c. Intrusion into Plaintiff's and the putative class' use and enjoyment of their cellular telephones;

d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff and the putative class have as to complete ownership and use of their cellular telephones;

e. Causing Plaintiff and the putative class to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

## CLASS ALLEGATIONS

27.  Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as

follows:

> a. All persons within the United States who had or have a number assigned to a cellular telephone service, who received at least one call using an ATDS and/or an artificial prerecorded voice from Defendant, or its agents, calling on behalf of Defendant, between the date of filing this action and the four years preceding, where such calls were placed for marketing purposes, to noncustomers of Defendant, at the time of the calls.

28.     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more.   Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

29.     Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and the Class members via their cellular telephones thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, by having to retrieve or administer messages left by Defendant or their agents, during those illegal calls, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

30.     This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.   Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

31.     The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court.  The Class can be identified through Defendant's records and/or Defendant's agent's records.

32.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

        i.     Whether, within the four years prior to the filing of the Complaint, Defendant made any call(s) (other than a call made for emergency purposes or made with the prior express consent of the called party) to the Class members using any ATDS or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

        ii.    Whether Defendant called non-customers of Defendant for marketing purposes;

        iii.   Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation(s); and,

        iv.    Whether Defendant should be enjoined from engaging in such conduct in the future.

33.     As a person that received numerous calls from Defendant in which Defendant used an ATDS or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

34.     Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.  Absent a class action, the Class will continue to face the potential for irreparable harm.   In addition, these violations of law will be allowed to proceed without remedy and

Defendant will likely continue such illegal conduct. The size of Class member's individual claims causes, few, if any, Class members to be able to afford to seek legal redress for the wrongs complained of herein.

35.  Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

36.  A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those that would be presented in numerous individual claims.

37.  Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227 et seq.

38.  Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-32.

39.  The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

40.  As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

41.  Plaintiff and the Class members are also entitled to and seek

injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227 et seq.

42.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-36.

43.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

44.     As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff  and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

45.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227 et seq.

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C.  227(b)(3)(B)*.
- Injunctive relief.
- Any and all other relief that the Court deems just and proper.

## <u>SECOND CAUSE OF ACTION</u>

**Knowing and/or Willful Violations of the Telephone Consumer Protection**

**Act**

**47 U.S.C. §227 et seq.**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.
- Injunctive relief.
- Any and all other relief that the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Please take notice that Plaintiff demands a trial by jury in this action.


Date: April 5, 2017                     **MARTIN & BONTRAGER, APC**

                                        By:*/s/ Nicholas J. Bontrager*
                                            Nicholas J. Bontrager
                                            Attorneys for Plaintiff